Cherrington, J.
Before the argument began, the counsel for the defendant submitted to the court twenty-one propositions, and requested that they be given to the jury at that time, which the court refused to do. The propositions were offered generally, and as a series, and not singly, and were excepted to generally. Without laying any stress upon this fact, which was a sufficient reason for refusing to give them, if any one of them was bad, and it is conceded by the defendant’s counsel that at least one of them is not law, we are of the opinion that the giving or refusing of the instructions, at that stage of the case, was discretionary with the judge.
“ Sec. 5190. When the jury is sworn the trial shall proceed, except as provided in the next section, in the following order, unless the court for special reasons otherwise order.”
*309 We have been cited to the case of McHugh v. State, 42 Ohio St. 154. This case was one decided under section 7300, and it is to be noticed that the words “ unless the court for special reasons otherwise order ” are not found in the last named statute ; consequently the remarks of the court in McHugh v. The State are not decisive of the present case. Neither do we regard the case cited as deciding, even in a criminal case, that the statute is mandatory. However that may be, in a civil case we are of the opinion that it is a matter of discretion-with the court whether the instructions are given before or after argument.
Again, it is insisted that the motives of the defendant below, in regard to the defense he sets up, cannot be considered, unless there is an entire want of proof. Now we are aware that in some cases cited, the expressions, “ entire failure of proof,” “fail altogether,” are made use of. We do not see how a party can fail altogether or entirely, unless he offers no evidence at all. If he offers no evidence at all, or attempts to offer none, he fails altogether, but then he makes no defense. We are speaking of cases like the present, when the matter of defense is not set out in the answer, as it was not done in this case. But where the defendant, as in this case, offers some testimony to defeat the action or reduce the damages, it cannot be said that he fails altogether. We think those expressions refer to cases w'here the defendant puts in the record a scandalous defense, and then offers no proof of it at all.
We have examined the charge complained of, and also the case of White v. Thomas, 12 Ohio St. 312, and we think it fully complies with all that is required by the supreme court in that case. The charge on this subject was in the following terms:
“If you find from the evidence that the defendant has attempted to prove that the plaintiff was guilty of unchaste conduct or of lewd acts, either with himself or others, before the breach, and had failed to establish the same by a preponderance of the evidence, then such charge and failure on the part of-t-he defendant may be taken in aggravation of damages in this case, provided you find for the plaintiff, unless you are Satisfied from the testimony that such- attempt was- made *310 with a reasonable hope and an honest expectation of establishing the same.”
“ If you find the contract of marriage, as is alleged by her, and the breach thereof was actuated by bad motives, and he was guilty of a ruthless and unjustifiable breach, you may give under such circumstances, such an amount of damages not flagrantly excessive and disproportionate to the inj ury, as will mark your disapprobation, and deter others from the violation of such sacred promises.”
It is contended that the court of common pleas ought to have instructed the jury that they cannot, in assessing damages, take into consideration any property that may have been acquired by the defendant below after the breach of the contract.
We think there was no testimony before the jury to justify this charge. But if there had been such testimony, the proposition is not law. The jury are not confined in giving damages to the amount of property the defendant may have had at the time of the breach of the contract. It is well-settled that the jury may give punitive damages, on account of the conduct of the defendant subsequent to the breach of the contract, even on account of the defense he sets up, the testimony he gives, and the manner in which he conducts the defense before the jury. It was claimed by the plaintiff below that the conduct of the defendant below was peculiarly insulting on the trial, and intended to degrade and disgrace her. If the jury so believed, they might give vindictive damages without any regard to his property, no matter when it was acquired.
On the trial, the defendant’s attorneys cross-examined the plaintiff at great length, to show, if possible, that she had been guilty of acts of lewdness, after this action was brought, with one Richard Garner, at Cleveland and Columbus, Ohio. She admitted that she had met Garner at those places, but denied that she had been guilty of any misconduct with him. Thereupon the plaintiff below called a number of witnesses who had known the plaintiff for many years at Bucyrus, Ohio, where she was born and had always lived, and offered their testimony as to her good character, to all which the defendant below objected, but the objection was overruled.
*311 We are all well satisfied that this testimony in rebuttal was competent for the purpose for which it was offered. We have examined the cases presented by the plaintiff’s counsel, in regard to this testimony ; and the reception of it by the court is to be justified both upon principle and authority. The plaintiff had a perfect right to repel the suspicions cast upon her by the cross-examination of defendant’^ counsel, not only by her denial, but by testimony of her good character for virtue, chastity and sobriety. We think it is due to any woman, placed in the situation she was, by a cross-examination, to corroborate her testimony by the reputation she has borne among her neighbors. Jurors who are well acquainted with men, and seeing the infinite meannes of that man Garner, would not believe him, and would wholly discard his conduct from their minds. But unsophisticated jurors might have their minds poisoned, and how is she to meet the suspicions aroused by the atttempt of Garner to place her in compromising situations (situations which she is compelled, as .a truthful witness, to acknowledge) except by general evidence of good character? It is often impossible to give a satisfactory answer to charges unexpectedly made in any other way.
Another point made by the plaintiff in error was the rejection of evidence tending to show acts of lewdness after the commencement of this action; and the rejection of this testimony by the court of common pleas was described by the defendant’s counsel as monstrous. On the contrary, we are of the opinion that to allow the admission of such evidence would be monstrous. In an action for breach of marriage promise and seduction, to hold that if the plaintiff' commits an act of unchastity with some other man, at any distance of time, it rehabilitates the defendant below, is in the highest degree unjust, and in our opinion is contrary to public policy, as well as the best considered cases. How can the defendant take advantage of her subsequent misconduct after he has destroyed her character and ruined 'her for ‘life ? He i* es-topped from thus taking advantage of his own wrong; and the strong language used by the courts in some of the cases cited by the counsel for the defendant in error, meets our approbation.
*312 We might further add. that we consider the status of the case as fixed by the bringing of the action, and that testimony of occurrences afterwards tending to bar the action or to mitigate the damages, ought not to be admitted.
But the plaintiff in error also complains that the jury erred in rendering a verdict against him for the sum of $9,800; that the same was excessive, and evinces passion on the part of the jury. *
In actions of this nature, the courts rarily interfere to set aside a verdict as excessive. If the damages are so flagrantly outrageous and extravagant, as to evince intemperance, partiality or corruption on the part of the jury, it is the duty of the court to reduce the amount or set the verdict aside, according to the circumstances. But is the present such a case ?
I am unwilling to comment on the testimony at any length, for fear that I might exceed the bounds of judicial propriety. The conduct of the defendant below, Duvall, deserves the severest criticism and condemnation. I never knew anything equal to it; I never heard anything equal to it; I never read anything in truth or fiction, that bore any resemblance to it. The conduct of Duvall is simply imfamous. His attempts to manufacture evidence for himself, to entrap the plaintiff in the action, his suggestions made to her by persons hired for that purpose, to use forged papers and to sustain her cause by perjury, their endeavors to get her into infamous places, when they might accuse her of lewd acts; his sending his wife, in company with an advanturess, to the plaintiff, with the story that she too had been the victim of his lust, and who confidingly tried to get from her statements prejudicial to her cause; the testimony he gave on the trial; all these things show a depth of meanness beyond which it would be difficult to go, and the only wonder is that the jury were not overwhelmed with indignation and did not give a verdict for all that was claimed by the plaintiff in her petition ($15,000). We are all perfectly satisfied with the verdict.
Judgment affirmed.